**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kolela Mpoyo,<br><br>            Plaintiff,<br><br>vs.<br><br>FIS Management Services, LLC,<br><br>           Defendant. | No. CV-17-04307-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Motion to Modify Subpoena Duces Tecum (Doc. 69), to which there is no response; Defendant's Motion for Sanctions, Dismissal and Expenses for Plaintiff's Failure to Appear for Deposition (Doc. 54), Plaintiff's Response (Doc. 63), and Defendant's Reply (Doc. 67); Plaintiff's Motion for Protective Order Relating to Plaintiff's Confidential Health Information and Motion for Giving Permission to File a Motion for Leave to Amend Pleadings (Doc. 62), Defendant's Response (Doc. 64), and Plaintiff's Reply (Doc. 68); and the parties' Joint Notice of Discovery Dispute (Doc. 75).

**I.    Motion to Modify**

Having reviewed the motion to modify Plaintiff's subpoena duces tecum, the Court will grant it. Accordingly, it is ordered that Plaintiff's Motion to Modify Subpoena Duces Tecum (Doc. 69) is **granted.**

///

///

## II. Motion for Sanctions

A court may sanction a party, upon motion, for failing to appear for the party's own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i); *see Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018). In doing so, the Court may order any item listed under Rule 37(b)(2)(A)(i)-(vi) as a sanction against the offending party. Fed. R. Civ. P. 37(d)(3). Additionally, the court must require the offending party to pay the reasonable expenses, including attorney's fees, caused by its failure to appear at its own deposition. *See* Fed. R. Civ. P. 37(d)(3).

After reviewing the briefing, the Court finds that Defendant has been prejudiced by Plaintiff's failure to appear for his deposition. However, the Court is unwilling to dismiss Plaintiff's complaint as a remedy.[1] Instead, the Court will require Plaintiff to pay the reasonable expenses, including attorney's fees, caused by Plaintiff's failure to appear for his own deposition. To the extent Plaintiff has still not appeared for his deposition, this Order also puts Plaintiff on notice that any future failure to appear for his deposition could result in the dismissal of his case or any other sanction pursuant to Rule 37(d). Defendant will have fourteen (14) days to submit its costs and fees associated with bringing this motion. Accordingly, Defendant's motion for sanctions (Doc. 54) is **denied in part** and **granted in part**, to the extent the Court will not dismiss Plaintiff's complaint but will assess him the appropriate fees and costs.

///

///

---

[1] The Court notes, however, that Plaintiff's attempt to wait until the last minute to file an "objection" to his deposition is alarming. While the Court is not dismissing Plaintiff's case, it admonishes Plaintiff's behavior. There is no reason Plaintiff could not have picked up his telephone and called Defendant to reschedule the deposition prior to January 11, 2019, if Plaintiff's true worry was that the date of the deposition was too close to the end of discovery. Furthermore, Defendant's email asking to move the deposition to two days later due to an illness (1) made clear that the deposition would be moved only if Plaintiff agreed and confirmed and (2) did not show any "bad faith" in attempting to move the deposition deadline. Plaintiff's behavior here was simply unwarranted.

### III. Motion for Protective Order and Leave to Amend

Plaintiff seeks a protective order to seal his confidential health information he has disclosed to Defendant. (Doc. 62 at 1.) He also seeks permission for leave to amend his pleadings. (Doc. 62 at 1.) Defendant does not object to a protective order protecting Plaintiff's confidential information from disclosure to third parties. (Doc. 64 at 1.) However, Defendant does object to Plaintiff's request to amend his pleadings. (Doc. 64 at 1.)

#### a. Protective Order

Having considered the Plaintiff's Motion for Protective Order and the proposed Stipulated Protective Order, and finding good cause appearing, the Court will **grant** a protective order to seal Plaintiff's resume and application materials.

#### b. Leave to Amend

Plaintiff argues that certain documents obtained from a subpoena of HealthFitness reveal HIPAA violations and that certain EEOC documents are "missing" from Defendant's disclosure. (Doc. 62 at 2-3.) He also argues that the Government shutdown caused delay in obtaining certain EEOC documents. (Doc. 62 at 3-4.) Defendant argues that Plaintiff is simply attempting, yet again, to extend the discovery deadline and to delay this litigation. (Doc. 62 at 1.) Defendant argues that Plaintiff did not act reasonably in pursuing discovery and has not shown any reason to reopen the pleadings more than a year after the filing of his complaint. (Doc. 64 at 2.) Having reviewed the briefing, the Court finds that Plaintiff has not shown good cause for amending his Complaint at this date in the litigation. Thus, the Court **denies** Plaintiff's request for permission for leave to amend his pleadings.

Accordingly, the Court **grants in part** and **denies in part** Plaintiff's Motion for Protective Order Relating to Plaintiff's Confidential Health Information and Motion for Giving Permission to File a Motion for Leave to Amend Pleadings (Doc. 62).

///

### IV. Notice of Discovery Dispute

Having reviewed the parties' notice of discovery dispute (Doc. 75), the Court will schedule a hearing to address the disputed items. The parties should be prepared to address each item and explain why each is or is not relevant, what is inhibiting its disclosure, and why.

### V. Conclusion

After reviewing all the motions and the discovery notice, the Court will extend the discovery and dispositive motion deadlines. The discovery deadline is now **May 27, 2019**, and the dispositive motion deadline is **June 18, 2019.**

**IT IS ORDERED:**

1. That Plaintiff's Motion to Modify Subpoena *Duces Tecum* (Doc. 69) is **granted**;
2. That Defendant's Motion for Sanctions (Doc. 54) is **granted in part** and **denied in part**;
3. That Defendant shall have **fourteen (14) days** to submit its costs and fees associated with bringing its motion for sanctions;
4. That Plaintiff's Motion for Protective Order and Motion for Giving Permission to File a Motion for Leave to Amend Pleadings (Doc. 62) is **granted in part** and **denied in part**; and
5. That, pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff's resume and application materials are to be kept **confidential**; and

///
///
///
///
///
///

6. That, pursuant to the parties' Joint Notice of Discovery Dispute, a hearing is set to address the matter on **May 23, 2019 at 10:00 a.m.** before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

Dated this 24th day of April, 2019.

Honorable Steven P. Logan
United States District Judge